JACQUELINE MCCARTHY ET AL. *v.*
CHRISTOPHER K. CALISE ET AL.
(SC 15958)

Borden, Berdon, Norcott, Katz and Palmer, Js.

Argued January 19—officially released February 9, 1999

*Philip T. Newbury, Jr.*, with whom were *George L. Holmes, Jr.*, and, on the brief, *R. Bradley Morris*, for the appellants (defendants).

*Christopher C. Burdett*, with whom was *Rhonna W. Rogol*, for the appellee (named plaintiff).

*Opinion*

PER CURIAM. This case involves an automobile accident at an intersection in Norwalk. The defendants,

Christopher K. Calise and Carol Calise, appeal[1] from the judgment of the trial court, after a jury trial, in favor of the named plaintiff, Jacqueline McCarthy. The named plaintiff was a passenger in an automobile operated by her husband, Michael P. McCarthy,[2] which collided with a pickup truck owned by Carol Calise and operated by Christopher K. Calise. The plaintiff brought an action against the defendants for negligence, and the jury rendered a verdict for the plaintiff. The trial court denied the defendants' motion to set the verdict aside, and rendered judgment for the plaintiff on the verdict. This appeal followed.

The defendants raise two evidentiary claims. They contend that the trial court improperly: (1) permitted the plaintiff's accident reconstruction expert witness to give an opinion on the cause of the collision because the opinion was unnecessary to assist the jury and it usurped the jury's fact-finding function; and (2) permitted the plaintiff's expert witness to give an opinion that was based on facts that were contrary to the evidence. The defendants contend that either or both of these allegedly improper rulings constituted harmful error, thus requiring a new trial. We have considered fully the defendants' claims in light of the entire record, and we conclude that they are without merit. It would serve no useful purpose to discuss them in further detail.

The judgment is affirmed.

---

[1] The defendants appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 65-1, and General Statutes § 51-199 (c).

[2] Although Michael P. McCarthy originally was also a plaintiff in this case, he subsequently withdrew his claim. Hereafter, we refer to Jacqueline McCarthy as the plaintiff.